## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| ARTHUR TYLER, | : | CASE  NO.  1:96 CV 1881 |
| | : | |
| Petitioner, | : | |
| | : | JUDGE DAVID A. KATZ |
| vs. | : | |
| | : | |
| CARL ANDERSON, Warden, | : | MEMORANDUM OPINION |
| | : | |
| Respondent. | : | |

Before the Court is Petitioner Arthur Tyler's ("Petitioner" or "Tyler") Amended Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).  (ECF No. 205.) Respondent Warden Carl Anderson filed a Memorandum in Opposition to the motion. (ECF No. 206.)  Petitioner replied to his memorandum.  (ECF No. 208.)  For the following reasons, Petitioner's motion is denied.

## I.     Relevant Background

Tyler was twice convicted and sentenced to death for the 1983 murder of Sander Leach, which Tyler committed while robbing Leach's produce van.[1]  Tyler's conviction and sentence were left undisturbed by direct appeal and state post-conviction proceedings.

In 1999, Tyler sought federal habeas relief in this Court, raising sixty-four claims. The Court denied his petition on May 20, 2002.  (ECF No. 167.)  Shortly after, on June 4, 2002, Tyler filed a Motion Pursuant to Fed. R. Civ. P. Rule 59 and Stay of Execution. (ECF No. 169.)  In it, he asserts that the Court made numerous errors of law and fact, erred

---

[1]     The facts of this case are more fully set forth in *State v. Tyler*, 50 Ohio St. 3d 24, 553 N.E.2d 576 (Ohio 1990), and this Court's Memorandum of Opinion and Order, dated May 20, 2002 (ECF No. 167).

in denying him discovery or an evidentiary hearing, and erred in granting a certificate of appealability ("COA") before he sought it.  The Court denied the motion.  (ECF No. 173.) Tyler appealed that decision to the Sixth Circuit Court of Appeals, asking that court to expand the COA to include numerous additional grounds for relief.  The Sixth Circuit denied this request on December 11, 2003, and the United States Supreme Court denied Tyler's petition for writ of certiorari.  *See Tyler v. Mitchell*, 416 F.3d 500, 502 (6th Cir. 2005).

Tyler then appealed the denial of his habeas petition to the Sixth Circuit, which affirmed this Court's ruling on July 20, 2005.  *Id.*  The Sixth Circuit denied Tyler's request for a rehearing and for a rehearing en banc, and the Supreme Court denied Tyler's petition for writ of certiorari on April 17, 2006.  *Tyler v. Anderson*, 547 U.S. 1074 (2006).

On February 21, 2008, Tyler, proceeding pro se, filed with this Court a Notice of Intention to File Habeas Corpus Petition.  (Case No. 1:08 CV 00443, ECF No. 1.)  The Court transferred the case to the Sixth Circuit on February 25, 2008, for consideration of Tyler's request for authorization to file a second or successive habeas petition under 28 U.S.C. § 2244(b).  (ECF No. 3.)  Tyler then filed a pro se motion for authorization to file a second or successive habeas petition with a copy of his original petition.  The Sixth Circuit denied Tyler's request on June 25, 2008.  *See In re Arthur Tyler,* Case No. 08-3251, Doc. 00611503770.

On September 13, 2012, Tyler filed a motion with this Court requesting the appointment of the Federal Public Defender's Office ("FPDO") to act as advisory counsel for his clemency proceedings.  (ECF No. 190.)  The court granted the motion on September

2

14, 2012.  (ECF No. 191.)  On October 5, 2012, the Ohio Supreme Court set Tyler's

execution date for May 28, 2014.  (ECF No. 205-5.)

On February 28, 2013, Tyler filed a motion with this Court pursuant to Rule 60(b)

of the Federal Rules of Civil Procedure, arguing that this Court did not rule on one

subclaim to his twenty-fourth ground for relief, labeled "Errors In Mitigation Phase

Charges and Procedures."  (ECF No. 199.)  In this subclaim, Tyler alleged that a penalty

phase jury instruction coerced the jury's sentencing determination in violation of the Sixth,

Eighth and Fourteenth Amendments.  (*Id*. at 5; ECF No. 39, 52-53.)  Tyler asserted that

this error was never raised by his habeas counsel through motion or on appeal, and was

detected only upon his new counsel's, the FPDO, review of the record.  (ECF No. 199, 5-

6.)

Respondent countered that "the Court fully considered and rejected all of Tyler's

alleged grounds in denying his first habeas corpus petition," and Tyler's motion is barred

as a second or successive petition.  (ECF No. 201, 4.)  Even if it were a proper 60(b)

motion, he argued, it is untimely and meritless.  (*Id*. at 7-9.)

After obtaining permission from this Court, Tyler now has filed an Amended

Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6).  (ECF No. 205.)

He adds to his original motion that this Court also failed to address a subclaim of his

twenty-second ground for relief, entitled "State's Failure to Disclose," relating to the

State's failure to disclose its coercion of the prosecution's main witness.  (*Id*. at 38-39.)

Respondent argues that the Court did, in fact, address and reject this claim.  (ECF No. 206,

7-8.)  He also repeats his assertion that Tyler's motion is barred as successive and

3

untimely.  (*Id*. at 3-5, 8-11.)

**II.      Analysis**

      **A.      Rule 60(b) and § 2244(b)**

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment, and request reopening of the case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence.  Fed. R. Civ. P. 60(b).  Rule 60(b) applies in federal habeas corpus proceedings, however, only "to the extent that [it is] not inconsistent with" applicable federal statutes and rules.  Hab. Corp. R. 12.  One possible conflict that courts have examined is whether by filing a Rule 60(b) motion, a habeas petitioner is in fact filing a "second or successive" petition governed, and in most cases barred from consideration, by AEPDA's § 2244(b).

Under the gatekeeping provisions of § 2244(b), a claim presented in a "second or successive" habeas application that was previously presented in a federal habeas petition must be dismissed.  28 U.S.C. § 2244(b)(1).  Claims that were not previously presented in a "second or successive" petition also must be dismissed unless they rely either on a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  28 U.S.C. § 2244(b)(2).  If a filing is determined to be a "second or successive" application, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

District courts must determine in the first instance whether a numerically second habeas petition is "second or successive" within the meaning of § 2244(b).  *In re Smith,* 690 F.3d 809, 809 (6th Cir. 2012).  If a district court finds a petition to be "second or

4

successive," the court should transfer it to the Sixth Circuit pursuant to 28 U.S.C. § 1631

for a determination of whether it should be authorized, rather than dismiss it outright.  *In re*

*Sims,* 111 F.3d 45, 47 (6th Cir. 1997).  The court of appeals then may authorize the filing

of the successive application "only if it determines that the application makes a prima facie

showing that the application satisfies the requirements of this subsection."  *In re Bowling*,

422 F.3d 434, 436 (6th Cir. 2005).

The United States Supreme Court addressed the interplay of Rule 60(b) and §

2244(b) in *Gonzalez v. Crosby*, 545 U.S. 524 (2005).  In that case, the Court noted that

"Rule 60(b) has an unquestionably valid role to play in habeas cases."  *Id*. at 534.  But a

"true" Rule 60(b) motion, it explained, "attacks, not the substance of the federal court's

resolution of a claim on the merits, but some defect in the integrity of the federal habeas

proceedings."  *Id.* at 532.  Thus, Rule 60(b) motions are appropriate "when no 'claim' is

presented," and "neither the motion itself nor the federal judgment from which it seeks

relief substantively addresses federal grounds for setting aside the movant's state

conviction . . . ."[2]  *Id*. at 533.

The Court in *Gonzalez* provided clear instructions for lower courts on how to apply

its holding.  It stated:

> In most cases, determining whether a Rule 60(b) motion advances
> one or more "claims" will be relatively simple.  A motion that seeks to add a
> new ground for relief . . . will of course qualify.  A motion can also be said
> to bring a "claim" if it attacks the federal court's previous resolution of a

---

[2]     The Court held that the Rule 60(b) motion at issue in *Gonzalez* was proper, since
it alleged that the federal courts misapplied the statute of limitations set out in §
2244(d), which was a defect in the proceeding rather than a claim.  *Gonzalez*, 545
U.S. at 533.

5

claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.  This is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzales*, 545 U.S. at 531-32 (footnotes omitted) (emphasis original).  The Court further explained,

The term "on the merits" has multiple usages.  We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d).  When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim.  He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4 (citation omitted).

The Court in *Gonzales* specifically noted that a Rule 60(b) motion is in effect a successive petition if it "seek[s] leave to present 'newly discovered evidence' in support of a claim previously denied," *id.* at 531 (internal citation omitted); and that "an attack based on the movant's own conduct, or his habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  *Id.* at 532 n.5 (internal citation omitted).

Here, Tyler argues that under *Gonzalez*, this motion should be characterized as a Rule 60(b) motion because he is not challenging the substance of this Court's resolution of a claim on the merits.  (ECF No. 205, 46.)  Rather, the motion "challenges the procedural ruling of the district court in dismissing the habeas petition without ever addressing a viable, properly pled habeas claim," which "was improper and constitutes a denial of due

6

process and a defect in the integrity of the federal habeas proceeding."  (*Id*. at 44, 46.)

Moreover, he asserts, neither his habeas counsel nor Respondent alerted the Court that the

claim remained pending.  (*Id.* at 44-45.)

Tyler cites to the Tenth Circuit cases *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir.

2006), and *Peach v. United States*, 468 F.3d 1269 (10th Cir. 2006), for support.  (*Id*. at 46.)

In those cases, the Tenth Circuit held that a Rule 60(b) motion is the proper mechanism to

request relief when the district court has failed to address a habeas claim.  *See Spitznas*,

464 F.3d at 1225 (noting that "[t]he defect lies not in the district court's resolution of the

merits (since it never reached those merits), but in its failure to make any ruling on a claim

that was properly presented," and citing *Gonzalez*, 545 U.S. at 532).

Respondent concedes that the Court "did not address" Tyler's coercive-jury-

instruction claim in its discussion of Tyler's twenty-fourth claim.  (ECF No. 206, 5.)  He

counters, however, that the Court "implicitly and necessarily" considered and rejected the

claim when it stated with regard to Tyler's claim of ineffective assistance of appellate

counsel that it had reviewed the state appellate and supreme court decisions and was

"unable to find that either court used an incorrect standard of review or made rulings

contrary to or unreasonably applying settled U.S. Supreme Court law."  (*Id*. at 6, quoting

ECF No. 167, 89.)  Respondent further claims the Court "expressly" addressed and rejected

his *Brady* subclaim relating to Head's testimony.  (*Id.* at 7-8, quoting ECF No, 167, 75-

77.).  (*Id.* at 7-8.)  Tyler's motion, he argues, is therefore a successive application barred by

§ 2254(b).  (*Id*. at 5.)

The Court finds that Tyler's motion is indeed a true Rule 60(b) motion.  Tyler

alleges that the Court did not directly and fully resolve two claims. Tyler thus challenges only a procedural defect in the Court's opinion, not the substance of the Court's resolution of the merits of the claims. The motion, therefore, is not subject to the jurisdictional bar of § 2244(b).

### B. Rule 60(b)(1) and Rule 60(b)(6)

Although Tyler's motion does not constitute a second or successive habeas petition, he still must satisfy the requirements and limitations of Rule 60(b) to prevail. *Gonzales*, 545 U.S. at 534-35. As a preliminary matter, a party seeking relief from judgment under Rule 60(b) must establish that the facts of its motion are within one of the enumerated reasons contained in the Rule. *E.g., Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).

Tyler bases his motion on Rule 60(b)(6), a catchall provision that provides relief for any "other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) motions have no specific time limit, but must "be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Tyler claims his motion is timely because the mistake was not detected until new counsel recently discovered it. (ECF No. 205, 48.) Respondent argues that because Tyler's motion is premised on the Court's failure to consider two of his claims, his motion should have been brought under Rule 60(b)(1), which allows a party to seek relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." (ECF No. 206, 9.) And, Respondent asserts, since Tyler did not file the motion within that provision's one-year time limitation, it is untimely. (*Id*.) Tyler replies that Rule 60(b)(1) does not apply because, first, the Court's mistake was not one of law, and second, Respondent "speaks generally of a 'mistake' by *counsel*," and his habeas counsel's failure to bring the

8

unadjudicated claims to the Court's attention was not "excusable neglect." (ECF No. 203, 4-5 (emphasis added).)

The Court agrees with Respondent that the fundamental basis of Tyler's motion is the Court's failure to address two of his claims, and not his counsel's neglect, whether excusable or not. The question, then, is whether that omission falls under Rule 60(b)(1) or Rule 60(b)(6). As the Supreme Court noted in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993), "[t]hese provisions are mutually exclusive, and thus a party who failed to take timely action due to [a reason stated in Rule 60(b)(1)] may not seek relief more than a year after the judgment by resorting to subsection (6)." *See also Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.3d 291, 294 (6th Cir. 1989) (Rule 60(b)(6) is properly evoked only in "exceptional or extraordinary circumstances" not specifically addressed by the first five numbered clauses of the rule.). Moreover, "parties may not use a Rule 60(b) motion as a substitute for an appeal, . . . or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Id.*

The Court disagrees with Tyler that its omission does not qualify as a "mistake" under Rule 60(b)(1) because that ground is limited to "mistakes of law." (ECF No. 203, 3.) It is clear that "mistake" under Rule 60(b)(1) includes judicial error. *See Barrier v. Beaver*, 712 F.2d 231, 234-45 (6th Cir. 1983). Any controversy regarding what qualifies as a judicial "mistake" under the Rule has centered not on whether non-legal court error constitutes a "mistake," but on whether legal error is a proper ground given the effect its inclusion would have on Rule 59(e), the time for taking an appeal, and the finality of

9

judgments.  *See, e.g., Barrier*, 712 F.2d at 234; *Steinhoff v. Harris,* 698 F.2d 270, 274-75 (6th Cir. 1983).[3]  In fact, numerous courts in this circuit and outside it have found that Rule 60(b)(1) "encompass[es] mistakes that constitute inadvertent judicial oversight."  *Cequent Trailer Prods., Inc. v. Intradin (Shanghai) Mach. Co*., No. 1:05 CV 2566, 2007 WL 1362457, at *2 (N.D. Ohio May 7, 2007) (Gwin, J.) (citing *Barrier*, 712 F.2d at 234-35). These court errors are more than clerical errors (which are covered by Rule 60(a)) but do not necessarily involve "substantive mistakes of law or fact," including the failure to address a claim.  *See, e.g., Relizon Co. and Workflow Solutions, LLC v. Seybold,* No. 3:10 CV 145, 2013 WL 3396917, at *2 (S.D. Ohio July 8, 2013) (court dismissed case while cross-claims remained pending); *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth*., No. 1:07 CV 258, 2009 WL 1471453, *7 (E.D. Tenn. May 27, 2009) (court failed to address counterclaims); *Howard v. U.S. Dep't of Educ.*, 756 F. Supp. 2d 72, 74 (D.C. Cir. 2010) (plaintiff alleged court failed to consider claim).[4]

This Court finds that its alleged failure to address two of Tyler's claims is a

---

[3]    The Sixth Circuit resolved the problem in *Barrier v. Beaver* by "allow[ing] reconsideration of a point of law under Rule 60(b)(1) when relief from judgment is sought within the normal time for taking an appeal," thereby avoiding unnecessary appeals and facilitating the prompt correction of legal errors. *Barrier*, 712 F.2d at 234-35.

[4]    Tyler points to the Sixth Circuit's statement that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."  (ECF No. 203, 3, quoting United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002).)  Aside from this general statement of law offered in dicta, however, Tyler does not to cite any authority holding that a non-legal court error is not a "mistake" under Rule 60(b)(1).

10

"mistake[] that constitute[s] inadvertent judicial oversight," falling squarely within a plain reading of Rule 60(b)(1).  Indeed, this type of omission may fit best under the category of "inadvertence."  Black's Law Dictionary defines "inadvertence" as "an accidental oversight," whereas it defines "mistake" as "an error, misconception, or misunderstanding; an erroneous belief."  Black's Law Dictionary 827, 1092 (9th ed. 2009).

Rule 60(b)(1) also applies because Tyler himself is partly to blame for the delay in filing this motion.  The Supreme Court stated in *Pioneer Inv. Servs. Co.,* "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. . . .  If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393.  Tyler acknowledges that he was aware that at least one of the subclaims was not ruled upon after the decision was issued, and submits with his motion letters he wrote to his counsel soon after the judgment was rendered inquiring about the claim.  (ECF Nos. 203, 13; 203-1.)  Tyler, therefore, could have filed a motion with the Court pro se, as he has done at least twice before in another case.  (*See* Case No. 1:08 CV 00443, ECF No. 1.)

Tyler's argument that Rule 60(b)(1) does not apply here because the "neglect" of his habeas counsel in "not act[ing] in response to or in accordance with the client's demand" that he address the issue with the Court was "inexcusable" is likewise unavailing. It is true that the Court's omission was compounded by the failure of Tyler's habeas counsel to alert the Court to its error, whether by including the error as a grounds of appeal or filing a timely Rule 59(e) or 60(b) motion.  But seeking to reopen a habeas case because

11

of the deficient performance of habeas counsel is not permissible in cases governed by

AEDPA.  Section 2254(i) of the Act provides:  "The ineffectiveness or incompetence of

counsel during Federal or State collateral post-conviction proceedings shall not be a ground

for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(i).  The Sixth

Circuit has expressly rejected Rule 60(b) motions filed by habeas petitioners on this

ground.  In *Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005), the court stated that § 2254(i)

is "clear" and "expansive in its prohibition," and held that the provision "expressly bars

relief grounded on claims of incompetent or ineffective counsel in federal post-conviction

proceedings," including Rule 60(b) motions premised on such claims.  *Id*. at 423.  *See also*

*Brooks v. Bobby*, 660 F.3d 959, 963 (6th Cir. 2011) ("Our court, not surprisingly, has

construed [§ 2254(i)] to mean what it says:  to bar a Rule 60(b) motion based on the

ineffectiveness of habeas counsel.").[5]  "Rule 60 was not intended to relieve counsel of the

consequences of decisions deliberately made, although subsequent events reveal that such

decisions were unwise."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 491 (6th Cir. 2000)

(quoting *Federal's Inc. v. Edmonton Inv. Co.*, 555 F.2d 577, 583 (6th Cir. 1977)).  *See also*

*Pioneer Inv. Servs. Co.*, 507 U.S. at 396 ("clients must be held accountable for the acts and

omissions of their attorneys").  Moreover, it is possible that Tyler's habeas counsel

carefully considered these issues and decided against raising them on appeal because the

---

[5]  Neither does the retention of new counsel justify reopening a habeas action as
Tyler suggests.  Courts cannot reexamine cases they resolved long ago every time
new counsel is retained and discovers a new claim or additional grounds for
appeal.  Moreover, the Court notes that Tyler's new counsel, who identified the
Court's errors and filed this motion on Tyler's behalf, was appointed for the
limited purpose of advising his habeas counsel during clemency proceedings.
(See ECF Nos. 190, 191.)  This motion is beyond the scope of that appointment.

underlying claims were not strong enough.  *See Hopper*, 867 F.3d at 294.  Indeed, counsel

did raise on appeal that the court overlooked one of his claims.  *See Mitchell*, 416 F.3d at

504-05 (addressing and rejecting Tyler's claim that this Court failed to address his

insufficiency-of-evidence claim).

Because the Court construes Tyler's motion as governed by Rule 60(b)(1), relief

cannot be granted under Rule 60(b)(6), *see Pioneer Inv. Servs. Co.,* 507 U.S. at 393, and

the motion is barred from review under Rule 60(b)(1)'s time limitation.  A 60(b)(1) motion

must be made "not more than one year after the judgment, order or proceeding was entered

or taken."  Fed. R. Civ. P. 60(c)(1).  The district court does not have the discretion to

extend Rule 60(b)'s period of limitation.  Fed. R. Civ. P. 6(b)(2) ("A court must not extend

the time to act under Rule[] . . . 60(b).");  *see also Smith v. Sec'y of Health & Human Servs*.,

776 F.2d 1330, 1332-33 (6th Cir. 1985).

Tyler had sufficient notice and many reasonable opportunities to alert the courts to

his allegedly unadjudicated claims:  through a Rule 59(e) motion or a timely Rule 60(b)(1)

motion; or on appeal, through a motion for a COA.  But the time for those remedies has

long since  passed.  The Court rendered its opinion in this case more than eleven years ago,

and Tyler's appeals were completed more than seven years ago.  Despite the equitable

underpinnings of Rule 60(b), as the Supreme Court noted in *Gonzalez*, the "extraordinary

circumstances" justifying the reopening of a final judgment "will rarely occur in the habeas

context."  *Gonzalez*, 545 U.S. at 535.  *See also Johnson v. Bell*, 605 F.3d 333, 335-36 (6th

Cir. 2010) (observing that although  Rule 60(b)(6) "confers upon the district court a broad

equitable power to 'do justice'" in habeas actions, it "continues to have limited viability in

13

the habeas context"); *Park West Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (citing *Ford Motor Co. v. Mustangs Unlimited*, 487 F.3d 465, 468 (6th Cir. 2007)) (noting that relief under Rule 60(b) has always been "circumscribed by the interests in finality and the termination of litigation").  The Supreme Court explained in another death penalty case,

> When lengthy federal proceedings have run their course and a mandate denying relief has issued, finality acquires an added moral dimension.  Only with an assurance of real finality can the State execute its moral judgment in a case.  Only with real finality can the victims of crime move forward knowing the moral judgment will be carried out.

*Calderon v. Thompson*, 523 U.S. 538, 556 (1998).

## III.    Conclusion

For the foregoing reasons, the Court need not reach the issue of whether Tyler has presented meritorious claims.  Tyler has failed to demonstrate grounds for relief under Rule 60(b)(6); his Amended Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(6) (ECF No. 205), therefore, is denied.

IT IS SO ORDERED.


        *S/ David A. Katz*____
        DAVID A. KATZ
        U. S. DISTRICT JUDGE

14